Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001152
30-SEP-2013
08:55 AM

NO. CAAP-13-0001152

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF H CHILDREN

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 10-00193)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Father-Appellant (**Father**) appeals from the Family Court of the First Circuit's (**Family Court's**)[1] Order Terminating Parental Rights, filed on December 10, 2012, and also challenges the Family Court's November 30, 2012 Decision Regarding Trial on Motion to Terminate Parental Rights and the December 10, 2012 Letters of Permanent Custody. The Family Court terminated Father's parental rights to KH and JH (**the Children**), appointed the Director of the Department of Human Resources (**DHS**) to be permanent custodian of the Children, and approved DHS's Permanent Plan (**6/2/12 Permanent Plan**).

On appeal, Father appears to argue that the Family Court abused its discretion in terminating his parental rights where the Findings of Facts (**FOF**) in the court's January 25, 2013 Findings of Fact and Conclusions of Law (**FOF/COL**) weighed in his favor, he should have been given more time to complete his

_____

[1] The Honorable Matthew J. Viola presided.

services, and various of the FOFs are clearly erroneous and certain of the the COLS are wrong. Father contests FOFs 64, 93, 94, 97, 98, 101, 132, 133, 134, 137, 143, 144, 148, 149, and 152, and COLs 1, 2, 5, 6, 8, and 9.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Father's points of error as follows:

Father has failed to include the information required by the Rules Expediting Child Protective Appeals (**RECPA**) Rule 11(a)(3) in his Points of Error Section. See RECPA Rule 11(a)(3). Further, although he apparently contests numerous FOFs and COLs, he provides no discernible argument with regard to them. See RECPA Rule 11(a)(4). Consequently, his points are waived.[2] See Hawai'i Rules of Appellate Procedure (**HRAP**) Rules 28(b)(4) & (7). Regardless, to the extent Father's points can be discerned, they lack merit.

The Family Court did not clearly err in concluding that Father was not willing and able to provide the Children with a safe family home, even with the assistance of a service plan, and it was not reasonably foreseeable that he would become willing and able to do so within a reasonable period of time; and FOFs 64, 132, 133, and 134 are not clearly erroneous and COLs 1 and 2 are not wrong. See Hawaii Revised Statutes (**HRS**) § 587A-7 (Supp. 2012); In re Doe, 95 Hawai'i 183, 190, 20 P.3d 616, 623 (2001); In re Doe, 100 Hawai'i 335, 345, 60 P.3d 285, 295 (2002).

Based on the record in this case, we conclude that the Family Court did not clearly err in concluding that the 6/2/12 Permanent Plan was in the Children's best interests, FOF 137 is not clearly erroneous, and COLs 5 and 6 are not wrong. See HRS

---

[2] Father's counsel, Leslie C. Maharaj, is put on notice and cautioned the future noncompliance with RECPA Rule 11 and HRAP Rule 28 may result in sanctions.

§ 587A-33(a)(3)(B) (Supp. 2012); In re Doe, 95 Hawai'i at 190, 20 P.3d at 623.

The Family Court did not clearly err in concluding that DHS gave Father a reasonable amount of time in which to remedy the problems that put the Children at substantial risk of being harmed in the family home and to reunify with the Children; and FOFs 143, 144, 148, and 149 are not clearly erroneous. See HRS §§ 587A-31(g) (Supp. 2012) & -33(a)(2) (Supp. 2012).

The remaining contested FOFs and COLs do not express the court's ultimate determinations. FOFs 93, 94, 97, 98, 101, and 152 are not clearly erroneous and COLs 8 and 9 are not wrong. See In re Doe, 95 Hawai'i at 190, 20 P.3d at 623.

Therefore, the Family Court's December 10, 2012 Order Terminating Parental Rights is affirmed.

DATED: Honolulu, Hawai'i, September 30, 2013.

On the briefs:

Leslie C. Maharaj
for Father-Appellant.

Robert T. Nakatsuji
Deputy Solicitor General,
Department of the Attorney General,
State of Hawai'i,
for Petitioner-Appellee.

Francis T. O'Brien
for Appellee Laura Ozak,
Court Appointed Special Advocate.

Presiding Judge

Associate Judge

Associate Judge